IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HOWELL STRICKLAND AND  　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
ANNA STRICKLAND

V.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:14-CV-00119-SA-DAS

INTEGON NATIONAL INSURANCE COMPANY,
A/K/A NATIONAL GENERAL INSURANCE
COMPANY, INDIVIDUALLY AND D/B/A GMAC
INSURANCE; AND UNIDENTIFIED INSURANCE
COMPANIES 1-5　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the Court on the joint Stipulation to Remand [6] filed by Plaintiffs and Defendant Integon National Insurance Company. Upon due consideration of the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiffs Howell Strickland and Anna Strickland commenced this suit in the Circuit Court of Lowndes County, Mississippi, asserting claims for negligence against Defendants Integon National Insurance Company, also known as National General Insurance Company, and doing business as GMAC Insurance ("Integon"), and unidentified insurance companies 1-5. The Stricklands' claims arise out of a vehicle collision that occurred in Columbus, Mississippi. The Stricklands were passengers in one of the vehicles involved and allegedly suffered significant bodily injury as a result. They claim the driver of the vehicle in which they were passengers was solely at fault for the accident and that Integon is a proper defendant because the Stricklands were insured and protected against such bodily injury by Integon at all times relevant to the accident at issue.

On July 25, 2014, Integon timely removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Regarding the amount in controversy, the Notice of Removal acknowledges that "no specific dollar amount is claimed in the plaintiffs' complaint" but states that "the plaintiff apparently asserts claims and seeks a money judgment in excess of $75,000.00." Integon provides no other support for its contention that the amount in controversy has been met. Integon also contends that there is complete diversity of citizenship because the Stricklands are citizens of Georgia and Integon is a citizen of Missouri.

Following removal, the Stricklands and Integon filed a joint Stipulation to Remand, stating that the "Parties now agree to remand this matter back to the Circuit Court of Lowndes County, Mississippi." Additionally, the Stipulation states that:

> Plaintiff Howell Strickland agrees not to seek damages in excess of the policy limits of the Underinsured Motorists policy at issue in this suit, if this suit proceeds to trial. Plaintiff Howell Strickland also agrees not to enforce any portion of a judgment that is in excess of these policy limits, if such a judgment is obtained in the future.

Further, the Stipulation states that it "shall not in any way be construed as an admission or statement that the action was or was not improperly moved to federal court, or that this Court had or did not have federal jurisdiction over the Action."

*Applicable Legal Standard*

Federal courts are courts of limited jurisdiction. Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (internal citations omitted). Moreover, the Fifth Circuit has held that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

*Analysis and Discussion*

Agreement of the Parties

This case is unusual in that the parties have jointly requested remand to the state court. However, despite the parties' Stipulation to Remand, "[s]ubject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver." Buchner v. F.D.I.C., 981 F.2d 816, 821 (5th Cir. 1993). Further, "[a] district court exceeds its authority when it remands a case on grounds not permitted by statute." Rogers v. Modern Woodmen of Am., 1997 WL 206757, at *1 (N.D. Miss. Apr. 10, 1997) (citing Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336,

3

351, 96 S. Ct. 584, 46 L. Ed. 2d 542 (1976), abrogated on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); Buchner, 981 F.2d at 820). "This is because federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress, and district courts may not nullify the removal statutes by remand orders resting on grounds having no warrant in the law." Ansley v. HealthMarkets Inc., 416 F. App'x 445, 449 (5th Cir. 2011) (internal quotation marks and citations omitted).

The Fifth Circuit has recognized that, pursuant to 28 U.S.C. §§ 1441(c) and 1447(c):

> the district court has general authority to remand a case under any of the following circumstances: 1) it has discretion to remand state law claims that were removed along with one or more federal question claims; 2) it must act on a timely motion to remand based on a defect in removal procedure; and 3) it must remand a case over which it has no subject matter jurisdiction. No other authority to remand a case is established by statute . . . .[1]

Buchner, 981 F.2d at 819. Whereas the Stricklands have not alleged any federal question claims and have not filed a timely motion to remand based upon procedural removal defects,[2] the Court will treat the parties' joint Stipulation as a motion to remand for lack of subject matter jurisdiction.

## Subject Matter Jurisdiction

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Further, a plaintiff's claim for damages—as set forth in the complaint—normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty

---

[1] The Supreme Court has also recognized the right of district courts to remand cases based upon abstention principles not applicable here. See Quackenbush, 517 U.S. at 721, 116 S. Ct. 1712; Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

[2] See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412. However, in cases such as this, where a plaintiff fails to allege a specific amount of damages, the Fifth Circuit has prescribed the following procedure:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

St. Paul Reinsurance, 134 F.3d at 1253 (citations omitted).

In the case at bar, the Court cannot say that it is "facially apparent" based upon the allegations of the Complaint that the Stricklands' claims exceed the jurisdictional amount. The Stricklands seek recovery for an unspecified amount of damages associated with injuries "of an undetermined extent." Further, Integon has offered no evidence to support a determination that the amount in controversy has been met. Accordingly, the Court finds that Integon has not met its burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, and therefore this Court lacks subject matter jurisdiction over this matter. Accordingly, the parties' joint Stipulation, treated herein as a motion to remand for lack of subject matter jurisdiction, is GRANTED.

*Conclusion*

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter. Accordingly, the clerk is hereby directed to REMAND this action to the Circuit Court of Lowndes County, Mississippi. A separate order to that effect shall issue this date.

SO ORDERED on this, the 30th day of October, 2014.

                                                            /s/ Sharion Aycock_____
                                                            UNITED STATES DISTRICT JUDGE